## OPENING OF SHERIDAN AVE., BELLEVUE BOR.

APPEAL BY MARY ROGERS FROM THE COURT OF QUARTER SESSIONS OF ALLEGHENY COUNTY.

Argued October 27, 1890—Decided November 10, 1890.

An order of the Court of Quarter Sessions confirming a report of viewers assessing damages and contributions to persons injured or benefited by the opening, etc., of a borough street, under § 2, act of April 22, 1856, P. L. 525, is final and conclusive, and it is error thereafter to appoint a jury of review.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 271 October Term 1889, Sup. Ct.; court below, No. 15 September Term 1888, Q. S.

On September 22, 1888, upon the petition of the burgess and town council of the borough of Bellevue, presenting certain ordinances and the official plan of said borough, the court below appointed viewers, under the provisions of § 1, act of April 22, 1856, P. L. 525, to assess damages for injuries, or contributions for benefits, to arise from the opening of a portion of Sheridan Avenue, under said ordinances. On December 22, 1888, the report of the viewers was filed, approved and confirmed nisi.

Opinion of the Court.

On March 2, 1889, Mary Rogers, to whom damages had been awarded by the report, presented her petition praying for the appointment of a jury of review; reviewers appointed.

On March 22, 1889, on motion of the borough, a rule was granted upon Mary Rogers to show cause why the order of March 2d, appointing reviewers, should not be vacated, for the reasons following:

1. The act of April 22, 1856, P. L. 525, makes no provision for the appointment of reviewers.

2. Under said act, the court alone, " on the hearing of such parties as choose to contest the same," has the exclusive power to review, " modify, approve and confirm " the report of the viewers, and no authority is vested in the court either to appoint reviewers, or to consider and dispose of their report.

—Said exceptions having been argued, the court on June 1, 1889, filed an order vacating the order of March 2, 1889, appointing reviewers, and dismissing the petition of Mary Rogers therefor.

An order having been entered on October 12, 1889, confirming the report of the viewers, Mary Rogers took this appeal, assigning the order of June 1st, for error.

*Mr. James Fitzsimmons* (with him *Mr. John S. Robb*), for the appellant.

Counsel cited: Street v. Commonwealth, 6 W. & S. 209; Cohen v. Commonwealth, 6 Pa. 111; Commonwealth v. Easton Bank, 10 Pa. 442; Brady St., 99 Pa. 591; Parkesburg Bor. St., 124 Pa. 512; C. Street, Verona Bor., 118 Pa. 171.

*Mr. J. W. Kirker*, for the appellee.

PER CURIAM:

This proceeding was under the act of April 22, 1856, P. L. 525, the second section of which provides:

" That the said viewers shall make report of their proceedings in writing to the next session of said court, describing the properties upon which assessments have been made, specifically stating whether for contribution or for damages, with the amounts respectively; and the said court may at the next session thereafter, or at any subsequent session, on the hearing

Statement of Facts.

of such parties as choose to contest the same, modify, approve and confirm the said report, which confirmation shall be final and conclusive upon all parties;" etc., etc.

We are of opinion that under this act the order of the court below confirming the report was final, and that it was not error to refuse to appoint a jury of review.

Order affirmed.